IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACK P. KATZ, on behalf of himself and all others similarly situated,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>ERNEST A. GERARDI, JR., et al.,<br><br>　　　　　　　　　Defendants. | Case No. 08-CV-4035<br>Judge Darrah |

### CERTAIN DEFENDANTS' 28 U.S.C. § 1404(a) MOTION TO TRANSFER

Pursuant to 28 U.S.C. § 1404(a), defendants Archstone (formerly Archstone-Smith Operating Trust) (the "Archstone UPREIT"), Tishman Speyer Archstone-Smith Multifamily Series I Trust (successor by merger to Archstone-Smith Trust) (the "Archstone REIT"), Lehman Brothers Holdings Inc. ("Lehman"), and Tishman Speyer Development Corporation ("TSD") (collectively, "Defendants") hereby move this Court to transfer this matter to the United States District Court, District of Colorado, where there is a prior pending action on behalf of the same putative class, against the same defendants, based on the same facts, and brought by the same counsel, as this case. In support of this Motion, Defendants submit their accompanying Memorandum In Support, with exhibits, filed herewith, and state as follows:

　　1.　　There is no basis under 28 U.S.C. 1404(a)—not the interests of justice and not the convenience of the parties—to keep this case in Illinois, pending separately from the action already pending in Colorado.

　　2.　　28 U.S.C. § 1404(a) provides that "for the convenience of parties and witnesses, and the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The general purpose of Section 1404(a) is to avoid

"waste of time, energy and money, as well as to protect litigants, witnesses and the public against inconvenience and expense." *Dean Foods Co. v. Eastman Chem. Co.*, 2000 U.S. Dist. LEXIS 15427, *5 (N.D. Ill. Oct. 18, 2000) (Aspen, C.J.) (quoting *Van Gelder v. Taylor*, 621 F. Supp. 613, 618 (N.D. Ill. 1985) (Bua, J.)).  Transfer of this action to the District of Colorado, where there is a prior-pending related action, will result in a savings of time, energy and money for witnesses, the courts, and the parties.

3. Under 28 U.S.C. 1404(a), transfer is appropriate when the moving party demonstrates that: (1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of parties and witnesses; and (3) transfer is in the interest of justice. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1989).

4. As set forth more fully in Defendants' accompanying Memorandum, each of these requirements is satisfied here—venue is proper in the District of Colorado and Colorado is a more convenient and efficient forum because the parties are already litigating there and because the defendants, documents, and operative facts related to this case all are located or based in Colorado.  Further, transfer of this litigation to the District of Colorado, where a related, and prior-filed litigation is already pending, will serve the interests of justice.

- 3 -

WHEREFORE, and for the reasons set forth in their accompanying Memorandum in Support, Defendants respectfully request that this Court transfer this action to the District of Colorado.

Dated:  July 23, 2008 Respectfully submitted,

By: /s/Jeffery S. Davis
*One of the attorneys for Defendants Archstone-Smith Operating Trust, Archstone-Smith Trust, Lehman Brothers Holdings Inc., and Tishman Speyer Development Corporation*

Christopher Q. King (6189835)
Steve Merouse (6243488)
Jeffery S. Davis (6277345)
SONNENSCHEIN NATH & ROSENTHAL LLP
7800 Sears Tower
Chicago, IL  60606
Phone:  (312) 876-8000
Fax:  (312) 876-7934

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2008, I electronically filed the preceding with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following and, in addition, served the following by U.S. Mail and email on July 23, 2008:

>Kenneth A. Wexler
>Edward A. Wallace
>Christopher J. Stuart
>Melisa Twomey
>Wexler Toriseva Wallace LLP
>55 W. Monroe Street
>Suite 3300
>Chicago, IL  60603
>
>Lee Squitieri
>Squitieri & Fearon, LLP
>32 E. 57th Street
>2nd Floor
>New York, NY  10022

>/s/ Jeffery S. Davis_____