IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACK P. KATZ, on behalf of himself and all others similarly situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>ERNEST A. GERARDI, JR., RUTH ANN M. GILLIS, NED S. HOLMES, ROBERT P. KOGOD, JAMES H. POLK III, JOHN C. SCHWEITZER, R. SCOT SELLERS, ROBERT H. SMITH, STEPHEN R. DEMERITT, CHARLES MUELLER, JR., CAROLINE BROWER, MARK SCHUMACHER, ALFRED G. NEELY, ARCHSTONE-SMITH OPERATING TRUST, ARCHSTONE-SMITH TRUST, LEHMAN BROTHERS HOLDINGS, INC., and TISHMAN SPEYER DEVELOPMENT CORPORATION, )<br><br>Defendants. ) | Case No. 08-CV-04035<br>Judge Darrah |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

### INTRODUCTION

Plaintiff Jack P. Katz filed a class action Complaint ("Complaint") in the Circuit Court of Cook County, Illinois on May 9, 2008. The Complaint alleges that defendants Archstone-Smith Operating Trust, Archstone-Smith Trust, James A. Cardwell, Ernest A. Gerardi Jr., Ruth Ann M. Gillis, Ned S. Holmes, Robert P. Kogod, James H. Polk III, John M. Richman, John C. Schweitzer, R. Scot Sellers and Robert H. Smith (hereinafter sometimes collectively referred to as "Defendants") structured the merger and exchange of A-1 units for cash and/or Series O Preferred units, pursuant to an agreement among Archstone-Smith Operating Trust (the "Archstone UPREIT"), Archstone-Smith Trust (the "Archstone REIT"), Tishman Speyer and

1

Lehman Brothers (Tishman Speyer and Lehman Brothers are referred to collectively as the "Tishman-Lehman Partnership") to take the publically held Archstone REIT private (the "Merger"), in order to disregard the contractual tax, dividend and liquidity benefits owed to A-1 Unit holders such as Plaintiff.[1]

Plaintiff Jack P. Katz, individually and on behalf of all others similarly situated, filed the Complaint in the Circuit Court of Cook County, Illinois under Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 (the "Securities Act"). (Compl., ¶ 1). Defendants removed this case from state court and filed its Notice of Removal on July 16, 2008. (*See* Defendant's Notice of Removal, filed July 16, 2008).

The Complaint pleads only three causes of action, all of which arise under the Securities Act of 1933 ("Securities Act"). (Compl., ¶¶1, 11, 94-118). As a result, removal of this action is barred under the anti-removal provision of Section 22(a) of the Securities Act, 15 U.S.C. § 77v(a): "no case arising under this title [15 USCS §§ 77a et seq.] and brought in any State court of competent jurisdiction shall be removed to any court of the United States."

Defendants ignored the Securities Act's unambiguous anti-removal provision and, with full knowledge of it, removed this action from state court in an misguided attempt to claim federal jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d). CAFA

---

[1] As detailed in the Complaint, pursuant to the Merger Agreement and the materially false and misleading Prospectus and Registration Statement issued pursuant to the agreement, Plaintiff and members of the Class have been coerced into: (1) cashing-out their A-1 Units, which will result in millions of dollars of unprotected tax liabilities; or (2) converting their A-1 Units into new Series O Preferred units ("Series O Units") which are economically inferior to the A-1 Units. (Compl., ¶3). When Defendants, through the Registration Statement and Prospectus, eliminated the liquidity, dividend and the tax-protections rights to which the A-1 Unit holders were entitled, the A-1 unit holders effectively acquired new A-1 units under the Registration Statement because the new A-1 units had materially different and inferior economic rights than the original A-1 units. (Compl., ¶6). The holders of these fundamentally changed A-1 units had two choices: sell the units for $60.75 or accept the Series O units in exchange. (*Id.*) As a result of the Merger Agreement, A-1 Unit holders, all of whom were solicited by Defendants, sold their A-1 units for the cash consideration offered will have to recognize capital gain in an amount based on the amount of gain they originally deferred when their properties were contributed to the Archstone UPREIT. (Compl., ¶7). In addition, the A-1 Unit holders whose A-1 Units were converted to Series O Units have still lost the liquidity and dividends they enjoyed before the Merger. (Compl.,¶8).

2

does not apply here, however, and it does not negate the removal prohibition of the Securities Act. Under long-standing principles of statutory construction, this Court must follow the anti-removal provisions of the Securities Act and remand this action to state court. Indeed, the Ninth Circuit recently held exactly this, stating that "CAFA's general grant of the right of removal of high-dollar class actions does not trump § 22(a)'s specific bar to removal of cases arising under the Securities Act of 1933." *Luther v. Countrywide Home Loans Servicing LP*, 2008 U.S. App. LEXIS 15115, *6-7 (9th Cir. July 16, 2008).

Even if this Court were to consider CAFA despite the unequivocal jurisdictional provisions of the Securities Act, Defendants have not met the requirements for removal under CAFA. Specifically, CAFA limits removal to those cases where the amount in controversy exceeds $5,000,000. *See* 28 U.S.C. §1332(d)(2). The Complaint here does not contain a specified enumeration of damages, but does seek compensatory, statutory and rescissory damages, and attorneys' fees. (Compl., ¶1, 11, 104, 113). Despite Defendants' conclusory allegations, at this juncture and without an expert's determination as to damages, Plaintiff cannot allege in good faith that the Class's claims will meet the jurisdictional limit.

Plaintiff therefore respectfully submits that this action may not removed under Section 22(a) of the Securities Act, 15 U.S.C. §77v(a), and that Defendants have not met the requirements of removal under CAFA, 28 U.S.C. §1332(d). Plaintiff therefore respectfully requests that this Court remand the case to the Circuit Court of Cook County, Illinois.

**ARGUMENT**

**I.     STANDARD OF REVIEW**

Civil actions filed in a state court are removable to a federal district court only if a plaintiff could have originally brought that action in federal court. 28 U.S.C. § 1441(a); *Merrell*

3

*Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986). Federal district courts are courts of limited jurisdiction, and have the power to act only within the dictates of the United States Constitution or by statute. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). As such, district courts must narrowly construe the federal removal statute, 28 U.S.C. § 1441(a), *and the presumption is against removal*. *Illinois v. Kerr-McGee Chemical Corp.*, 677 F.2d 571, 576 (7th Cir. 1982), *cert. denied*, 459 U.S. 1049. Moreover, any doubts concerning the existence of federal jurisdiction based on removal are to be resolved in favor of remand. *Wirtz Corp. v. United Distillers & Vintners N. Am., Inc.*, 224 F.3d 708, 715 (7th Cir. 2000); *see also Tiffany v. Hometown Buffet, Inc.*, 2006 U.S. Dist. LEXIS 45286 (N.D. Cal. June 22, 2006) ("under CAFA (as before), the removal statutes are strictly construed against removal, and if there is any doubt as to the propriety of removal, the lawsuit must be remanded to state court").

In addition, the party asserting the existence of federal jurisdiction has the burden of satisfying the relevant requirements. *Kokkonen*, 511 U.S. at 377; *see also Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97-98 (1921). This burden requires that the removing party prove that there is a "reasonable probability that federal jurisdiction exists." *Smith v. American General Life and Accident Insurance, Inc.*, 337 F.3d 888, 892 (7th Cir. 2003); *see also Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447 (7th Cir. 2005) ("That the proponent of jurisdiction bears the risk of non-persuasion is well established. Whichever side chooses federal court must establish jurisdiction; it is not enough to file a pleading and leave it to the court or the adverse party to negate jurisdiction.").

"The Supreme Court has long held that 'without jurisdiction the court cannot proceed at all in any cause.'" *Nauheim v. Interpublic Group of Cos.*, 2003 U.S. Dist. LEXIS 6266, *5 (N.D. Ill. Apr. 15, 2003) (*citing Ex parte McCardle*, 74 U.S. 506, 514, 19 L. Ed. 264 (1868)).

Indeed, 28 U.S.C. § 1447(c) dictates that "if at any time before judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." As such, this Court also has an independent obligation to ensure that federal jurisdiction exists before proceeding to the merits of the case. *Smith v. Am. Gen. Life & Accident Ins. Co.*, 337 F.3d 888, 892 (7th Cir. 2003).

## II. THIS ACTION MUST BE REMANDED TO STATE COURT UNDER THE ANTI-REMOVAL PROVISION OF THE SECURITIES ACT OF 1933.

Plaintiff brought this action in the Circuit Court of Cook County, Illinois pursuant to the concurrent jurisdiction provision of the Securities Act. "Section 22(a) of the Securities Act, 15 U.S.C. § 77v(a), provides that jurisdiction over Securities Act claims may be in either state or federal court." *Higginbotham v. Baxter Int'l, Inc.*, 2005 U.S. Dist. LEXIS 12006, *4-5 (N.D. Ill. May 25, 2005). Although the statute calls for concurrent jurisdiction, it also bars the removal of any case brought under the Securities Act once that case is filed in state court:

> The district courts of the United States and United States courts of any Territory shall have jurisdiction of offenses and violations under this title [15 USCS §§ 77a et seq.] and under the rules and regulations promulgated by the Commission in respect thereto, and, concurrent with State and Territorial courts, except as provided in section 16 [15 USCS § 77p] with respect to covered class actions, of all suits in equity and actions at law brought to enforce any liability or duty created by this title [15 USCS §§ 77a et seq.]. ... **Except as provided in section 16(c) [15 USCS § 77p(c)], no case arising under this title [15 USCS §§ 77a et seq.] and brought in any State court of competent jurisdiction shall be removed to any court of the United States**.

15 USCS § 77v (emphasis added). Thus, "the plain language of the Securities Act, as amended by SLUSA, clearly and unambiguously permits the removal of only those covered class action complaints that are based on State statutory or common law." *Nauheim v. Interpublic Group of Cos.*, 2003 U.S. Dist. LEXIS 6266, *11 (N.D. Ill. Apr. 15, 2003).

As discussed above, the only claims alleged in the Complaint arise from the Securities Act. "Under the clear and unambiguous language of the statute ... such an action cannot be

removed from state court." *Nauheim v. Interpublic Group of Cos.*, 2003 U.S. Dist. LEXIS 6266, *17 (N.D. Ill. Apr. 15, 2003); *In Re Waste Mgmt., Secs. Litig.*, 194 F. Supp. 2d 590, 596 (S.D. Tex. 2002) (noting that "no court has held that claims under the 1933 Act, standing alone, are removable under SLUSA"); *Luther v. Countrywide Home Loans Servicing LP*, 2008 U.S. App. LEXIS 15115 (9th Cir. Cal. July 16, 2008) ("§ 22(a) [of the Securities Act] strictly forbids the removal of cases brought in state court and asserting claims under the Act"). The removal provisions under CAFA do not negate the removal prohibition under the Securities Act.

Directly on point is the Ninth Circuit's recent holding in *Luther v. Countrywide Home Loans Servicing LP*, 2008 U.S. App. LEXIS 15115 (9th Cir. July 16, 2008). In *Luther*, plaintiff filed a class action in Los Angeles County Superior Court alleging that defendants violated the Securities Act. The defendants removed the action to federal court under CAFA, claiming that "the § 22(a) removal bar does not prevent removal under CAFA and that none of CAFA's exceptions applies." *Id.* at *3. The Ninth Circuit rejected the defendants' argument. Rather, it affirmed the order of the district court remanding the case, and held that "CAFA's general grant of the right of removal of high-dollar class actions does not trump § 22(a)'s specific bar to removal of cases arising under the Securities Act of 1933." *Id.* at *6-7. In doing so, the court reasoned:

> 'It is a basic principle of statutory construction that a statute dealing with a narrow, precise, and specific subject is not submerged by a later enacted statute covering a more generalized spectrum.' Here, the Securities Act of 1933 is the more specific statute; it applies to the narrow subject of securities cases and § 22(a) more precisely applies only to claims arising under the Securities Act of 1933. CAFA, on the other hand, applies to a 'generalized spectrum' of class actions.

*Id.* at *7 (*citing Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 153 (1976)). The Securities Act, despite CAFA, barred the removal of the plaintiff's action, and that action was therefore correctly remanded to state court; "[plaintiff's] class action falls within § 22(a)'s removal bar

because it was brought in state court and asserts only claims arising under the Securities Act of 1933." *Luther*, 2008 U.S. App. LEXIS 15115 at *4, 7-8.[2]

Just as in *Luther*, Plaintiff filed this action in Illinois state court and only asserts claims arising under the Securities Act. Regardless of whether CAFA applies, it does not trump the anti-removal provision of the Securities Act, which this Court must follow and remand this action to state court.[3] Indeed, the only way that this Court can deny Plaintiff's motion for remand is to ignore the unambiguous removal prohibition contained in the Securities Act, which would refute a fundamental long-standing principle of statutory construction. *See Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 153 (U.S. 1976) ("It is a basic principle of statutory construction that a statute dealing with a narrow, precise, and specific subject is not submerged by a later enacted statute covering a more generalized spectrum. 'Where there is no clear intention otherwise, a specific statute will not be controlled or nullified by a general one,

---

[2] In related rulings, courts in this district have discussed the interplay between Section 22(a) of the Securities Act and the Securities Litigation Uniform Standards Act ("SLUSA") have similarly held that the jurisdictional provisions of the Securities Act trump the SLUSA. *See Ill. Mun. Ret. Fund v. Citigroup, Inc.*, 2003 U.S. Dist. LEXIS 16255 (S.D. Ill. Sept. 9, 2003) ("the rules of statutory construction require Section 22(a) to control over the more general provisions of 28 U.S.C. §§ 1334(b) and 1452"); *Nauheim v. Interpublic Group of Cos.*, 2003 U.S. Dist. LEXIS 6266 (N.D. Ill. Apr. 15, 2003) (where plaintiff's complaint is filed in state court, with claims that are based entirely upon the federal securities laws, the SLUSA does not change the Securities Act mandate that the action cannot be removed to federal court); *Tenn. Consol. Ret. Sys. v. Citigroup, Inc.*, 2004 U.S. Dist. LEXIS 24043, 16-17 (M.D. Tenn. Oct. 8, 2004) ("Because SLUSA enumerated many classes of state-initiated securities cases, yet granted state court jurisdiction to only one specific class of cases, and amended the removal exception statute without reflecting Section 1452(a), this Court concludes that Section 22(a)'s removal exception, read in light of SLUSA, trumps Section 1452(a) as it applies to this action.").

[3] This case does not fall into the exception set forth under 15 USCS §77p because the Complaint contains no state law claims. *See Higginbotham v. Baxter Int'l, Inc.*, 2005 U.S. Dist. LEXIS 12006, *7 (N.D. Ill. May 25, 2005) ("No case containing a § 11 claim is removable from state court unless it meets the exception set forth in § 16(c). Section 16(c) provides that it only applies to covered class actions 'as set forth in subsection [16](b).' To be a class action set forth in § 16(b), the case must be *inter alia* a 'covered class action based upon the statutory or common law of any State or subdivision thereof.' The language of these statutes plainly and unambiguously limit[s] removal to certain class actions containing state law claims."). In addition, Defendants admit that the securities at issue in this action are not "covered securities" as defined in the Securities Act. (Notice at ¶28). *See* Section 16(f)(3) of the Securities Act, 15 U.S.C. §77(f)(3), referencing Section 18(b) of the Securities Act, 15 U.S.C. §77r(b)(1)-(2) (defining "covered security" as: (1) a security listed, or authorized for listing, on a national exchange; (2) a security of the same issuer that is equal in seniority or that is a senior security to a security listed, or authorized for listing, on a national exchange; and (3) a security that is issued by an investment company that is registered, or that has filed a registration statement, under the Investment Company Act of 1940). Indeed, Plaintiff agrees that the securities at issue here do not meet any of the criteria for a "covered security" as defined under the Securities Act.

regardless of the priority of enactment.'") (*citing Morton v. Mancari*, 417 U.S. 535, 549 (U.S. 1974)); *see also Nauheim v. Interpublic Group of Cos.*, 2003 U.S. Dist. LEXIS 6266 (N.D. Ill. Apr. 15, 2003) ("Where, as here, the words of a statute are clear and unambiguous, our inquiry is complete."). Plaintiff therefore respectfully submits that this action must be remanded to the Circuit Court of Cook County, Illinois, the proper jurisdiction.[4]

### III. THIS COURT LACKS JURISDICTION UNDER THE CAFA BECAUSE THE DEFENDANT CANNOT SHOW THAT THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

Enacted on February 18, 2005, CAFA "allows removal when the class action could have been commenced initially in federal court under 28 U.S.C. § 1332(d)." *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 983 (7th Cir. 2008). The CAFA added several provisions to the diversity jurisdiction statute, giving "federal courts original jurisdiction in class actions where: (1) the aggregate amount in controversy exceeds $ 5,000,000; (2) any member of the plaintiff class is a citizen of a state different from any defendant ('minimal diversity'); (3) the primary defendants are not states, state officials, or other government entities against whom the district court may be foreclosed from ordering relief; and (4) the number of members of the plaintiff class is 100 or more." *Hart v. FedEx Ground Package Sys.*, 457 F.3d 675, 679 (7th Cir. 2006). Therefore, in order to have jurisdiction under CAFA, "the court must determine that it is 'reasonably probable' that the aggregate amount in controversy exceeds the statutory minimum of $ 5,000,000.

---

[4] Defendants certainly recognize the failings of their efforts to remove this case from its proper court, and have attempted to by-pass that fact by asking this Court to first consider their recently-filed Motion to Transfer. It is well-settled law, however, that the issue of jurisdiction is, for purposes of judicial economy, to be decided by this Court quickly. *Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft*, 54 F. Supp. 2d 1042 1048 (D. Kan. 1999) (court ruled on motion to remand first, declining defendants' request to rule on pending motion to stay, holding that: "For purposes of judicial economy, the jurisdictional issue should be resolved immediately. If federal jurisdiction does not exist, the case can be remanded before federal resources are further expended. In the Court's view, judicial economy dictates a present ruling on the remand issue. See generally *Tortola Restaurants, L.P. v. Kimberly-Clark Corp.*, 987 F. Supp. 1186, 1188 (N.D. Cal. 1997). That principal is no more applicable than here, where the issue of remand is so clear-cut and statutorily required. Plaintiffs therefore request that this Court rule on Plaintiff's Motion for Remand before any other motion now pending before this Court.

Minimal diversity must exist as well." *Musgrave v. Aluminum Co. of Am., Inc.*, 2006 U.S. Dist. LEXIS 48192 (S.D. Ind. July 14, 2006); *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 571 (2005) (CAFA "confers federal diversity jurisdiction over class actions where the aggregate amount in controversy exceeds $5 million").

Defendants, as the removing party and "proponent of federal jurisdiction" bear the burden of proving that "the controversy exceeds $ 5 million." *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008); *see also Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005) ("part of the removing party's burden is to show not only what the stakes of the litigation could be, but also what they are given the plaintiff's actual demands. That's the point of statements in our decisions that the removing litigant must show a reasonable probability that the stakes exceed the minimum.").

However, Defendants has not shown by a "reasonable probability" that the amount in controversy will exceed $5,000,000. Rather, they make conclusory allegations that the "amount in controversy exceeds the $5,000,000 jurisdictional threshold" of CAFA. (Notice at ¶22, 26). In support of this, they cite the *Stender* Action, *Stender et al. v. Cardwell et al.*, No. 07-cv-2503, a wholly separate action now pending in the District of Colorado. However, the allegations and legal claims here are entirely different and separate from those pled by Mr. Stender in Colorado: plaintiffs in *Stender* allege claims for breach of contract and breach of fiduciary duty, state law claims. Here, Plaintiff Jack Katz alleges only that Defendants violated Sections 11, 12(a)(2) and 15 of the Securities Act. There are no state law claims alleged. Plaintiff's claims arise under the federal securities laws, and are therefore separate and distinct from the claims pending in the District of Colorado.

Indeed, as master of his complaint, Plaintiff can plead any claims he chooses. Defendants' attempt to conflate this action with *Stender* is a red herring. Plaintiff's claims here are in no way affected by the allegations or claims pled in *Stender*. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005) ("as master of the case, the plaintiff may limit his claims (either substantive or financial) to keep the amount in controversy below the threshold"); *Holmes Group, Inc. v. Vornado Air Circulation Sys.*, 535 U.S. 826, 831 (2002) ("since the plaintiff is 'the master of the complaint,' the well-pleaded-complaint rule enables him, 'by eschewing claims based on federal law, . . . to have the cause heard in state court.'") (*citing Caterpillar, Inc. v. Williams*, 482 U.S. 386, 398-99 (U.S. 1987)). Moreover, "a statement made in one lawsuit cannot be a judicial admission in another." *Kohler v. Leslie Hindman, Inc.*, 80 F.3d 1181, 1185 (7th Cir. Ill. 1996). Even if Plaintiff has plead his claims in such a way in order to avoid removal, that is his prerogative under law; a plaintiff can decide what law to rely upon by not raising a federal question, or they can stay under the minimum amount in controversy by waiving their right to more. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *In re Brand-Name Prescription Drugs Antitrust Litigation*, 123 F.3d 599, 607 (7th Cir. 1987) (citations omitted) (Posner, J.) ("The Plaintiffs in this case, … were careful to plead that the damages sought by each did not exceed [the minimum jurisdictional amount]. This is plausible--you would have to buy an awful lot of expensive drugs to run up a bill the overcharge portion of which alone was more than that amount. And plausible or not, a Plaintiff can always stay under the minimum amount in controversy by waiving his right to more). *See also, Garbie v. Daimlerchrysler Corp.*, 211 F.3d 407, 410 (7th Cir. 2000) (stating that the "Plaintiffs as masters of the complaint may include (or omit) claims or parties in order to determine the forum.").

Plaintiff has not specified enumeration of damages, but seeks compensatory, statutory and rescissory damages, and attorneys' fees. (Comp., ¶1, 11, 104, 113). Plaintiff limited his allegations as such because, at this juncture and without an expert's determination as to damages, he cannot allege in good faith that damages will exceed the jurisdictional limit. Defendants have offered no evidence or argument to make a reasonable argument to the contrary, and have therefore failed to state their claim for removal under CAFA.

In sum, it is clear that the proper forum for this claim is in the Circuit Court of Cook County, Illinois, and Plaintiff respectfully requests that his Complaint be remanded to that court.

### IV. PLAINTIFF SHOULD BE AWARDED PAYMENT OF COSTS AND EXPENSES, INCLUDING ATTORNEYS' FEES.

Defendant had no basis in law or fact to attempt to remove this case to this Court. Indeed, as Plaintiffs have established in this Motion to Remand, Defendants "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). It is clear that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 USCS § 1447. "As a general rule, if, at the time the defendant filed his notice in federal court, clearly established law demonstrated that he had no basis for removal, then a district court should award a plaintiff his attorneys' fees." *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007).

It is evident from Defendants' removal papers that the Defendants removed this action even though the law under the Securities Act is clear that this case may not be removed. Accordingly, Plaintiff requests that his costs and expenses be awarded here pursuant to 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses including attorney fees, incurred as the result of removal." 28 U.S.C. § 1447(c).

11

**CONCLUSION**

The plain language of the Securities Act requires that this Court remand this action to the Circuit Court of Cook County, Illinois. And, even if that plain language did not apply, Defendants have failed completely to prove that that there is a reasonable probability that that the jurisdictional amount has been met here. The Complaint and the actual damages in issue here do not make this case removable under CAFA. Consequently, Plaintiff respectfully requests this Court to rule on this motion and remand Plaintiff's Complaint to the Circuit Court of Cook County, Illinois, and award Plaintiff his costs and expenses.

DATED: July 23, 2008

JACK P. KATZ, individually and on behalf of all persons similarly situated,

By: /s/ Edward A. Wallace
Edward A. Wallace
Kenneth A. Wexler
S. Melisa Twomey
Wexler Toriseva Wallace LLP
55 West Monroe Street, Suite 3300
Chicago, IL 60603
Telephone: (312) 346-2222

Lee Squitieri
Squitieri & Fearon, LLP
32 E. 57th Street, 2nd Floor
New York, NY 10022
Telephone: (212) 421-6792
*Attorneys for Plaintiff Jack P. Katz and the Proposed Class*

**CERTIFICATE OF SERVICE**

      I, Edward A. Wallace, hereby certify that a copy of the foregoing ***Memorandum of Law in Support of Plaintiff's Motion to Remand*** was electronically filed. Those attorneys who are registered with the Electronic Filing System may access these filings through the Court's System, and notice of these filings will be sent to these parties by operation of the Court's Electronic Filing System. Those attorneys who are not registered with the Electronic Filing System will be served by First Class United States Mail, with proper postage prepaid, on the 23rd day of July, 2008.

Date: July 23, 2008

/s/ Edward A. Wallace
Edward A. Wallace
Wexler Toriseva Wallace LLP
55 W. Monroe Street, Suite 3300
Chicago, IL 60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022
eaw@wtwlaw.com