IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACK P. KATZ, on behalf of himself and all others similarly situated,  )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ERNEST A. GERARDI, JR., RUTH ANN M. )<br>GILLIS, NED S. HOLMES, ROBERT P. )<br>KOGOD, JAMES H. POLK III, JOHN C. )<br>SCHWEITZER, R. SCOT SELLERS, )<br>ROBERT H. SMITH, STEPHEN R. )<br>DEMERITT, CHARLES MUELLER, JR., )<br>CAROLINE BROWER, MARK )<br>SCHUMACHER, ALFRED G. NEELY, )<br>ARCHSTONE-SMITH OPERATING )<br>TRUST, ARCHSTONE-SMITH TRUST, )<br>LEHMAN BROTHERS HOLDINGS, INC., )<br>and TISHMAN SPEYER DEVELOPMENT )<br>CORPORATION, )<br>)<br>Defendants. ) | Case No. 08-CV-04035<br>Judge Darrah |

**PLAINTIFF'S OPPOSITION TO CERTAIN DEFENDANTS' 28 U.S.C. § 1404(a) MOTION TO TRANSFER**

**INTRODUCTION**

Plaintiff Jack P. Katz, by his attorneys, respectfully requests that this Court deny Defendants' 28 U.S.C. § 1404(a) Motion to Transfer until the Court has resolved Plaintiff's pending Motion for Remand. Jurisdiction for this action properly lies in the Circuit Court of Cook County, Illinois because there is an express statutory bar against removal of this case. *See* Section 22(a) of the Securities Act, 15 U.S.C. § 77v(a) (expressly bars removal of Plaintiff's Complaint: "no case arising under this title [15 USCS §§ 77a et seq.] and brought in any State court of competent jurisdiction shall be removed to any court of the United States.") Principles

1

of comity dictate that this action should be remanded immediately to state court, rather than being forced to subject to unnecessary delay and to wander through the federal court system. Indeed, while Defendants argue that transfer will be more efficient, exactly the opposite is true, particularly since the threshold issue of jurisdiction remains unresolved.

## ARGUMENT

I. **THIS COURT HAS THE AUTHORITY TO RULE ON PLAINTIFF'S MOTION FOR REMAND, AND IT IS UNECESSARY TO TRANSFER THIS ACTION TO ANOTHER FEDERAL COURT.**

Defendants maintain that "this case should be transferred to the United States District Court, District of Colorado," reasoning that "transfer of the *Katz* Action to Colorado will serve justice, be convenient for the parties and prevent 'waste of time, energy and money.'" (Memorandum in Support of Certain Defendants' 28 U.S.C. § 1404(a) Motion to Transfer ("Transfer Memo"), at 1, 6).

If this case unquestionably belonged in federal court, Plaintiff would agree. However, as shown in Plaintiff's Motion for Remand and supporting memorandum, however, there is no question that federal jurisdiction is lacking in this action. Plaintiff seeks nothing more than what the law requires: remand to Illinois state court. "Federal District Courts are courts of limited jurisdiction [and] possess only the power given them by the Constitution and the statute." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). In this case, there would be no "waste of time, energy and money" if this Court were to remand the case to Illinois state court, the proper forum for this action, and the home forum chosen by Plaintiff. *See Plotkin v. IP Axess, Inc.*, 168 F. Supp. 2d 899, 902 (N.D. Ill. 2001) (plaintiff's choice of forum is generally entitled to substantial weight, especially when it is plaintiff's home forum).

Furthermore, the case pending in the District of Colorado raises issues distinct from those in Plaintiff's Complaint. The Colorado case makes claims on the basis of state breach of

2

contract and breach of fiduciary duty laws. Plaintiff's Claims, on the other hand, raises issues strictly related to the Securities Act of 1933 ("Securities Act"). As Defendants are well-aware, Section 22(a) of the Securities Act, 15 U.S.C. § 77v(a) expressly bars removal of Plaintiff's Complaint: "no case arising under this title [15 USCS §§ 77a et seq.] and brought in any State court of competent jurisdiction shall be removed to any court of the United States." *See also Luther v. Countrywide Home Loans Servicing LP*, 2008 U.S. App. LEXIS 15115 (9th Cir. Cal. July 16, 2008) ("§ 22(a) [of the Securities Act] strictly forbids the removal of cases brought in state court and asserting claims under the Act"); *Nauheim v. Interpublic Group of Cos.*, 2003 U.S. Dist. LEXIS 6266, *11 (N.D. Ill. Apr. 15, 2003) ("the plain language of the Securities Act, as amended by SLUSA, clearly and unambiguously permits the removal of only those covered class action complaints that are based on State statutory or common law"). Defendants chose removal regardless of clear statutory law. And, because Plaintiff's Complaint, filed in state court, presents unique issues which arise only under the Securities Act, neither this Court nor the District of Colorado have jurisdiction over Plaintiff's claims. This Court should resolve this threshold jurisdictional issue before any other, and remand this action to its proper forum, the Circuit Court of Cook County, Illinois.

Moreover, judicial economy and efficiency are best served by a prompt determination concerning whether or not the case belongs in the federal judicial system at all. If this action does not belong in federal court, as Plaintiff maintains, there is certainly no efficiency in cluttering the docket of the District of Colorado with the remand motion. *See Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft*, 54 F. Supp. 2d 1042 1048 (D. Kan. 1999) (court ruled on motion to remand first, declining defendants' request to rule on pending motion to stay, holding that: "For purposes of judicial economy, the jurisdictional issue should be resolved

3

immediately. If federal jurisdiction does not exist, the case can be remanded before federal resources are further expended. In the Court's view, judicial economy dictates a present ruling on the remand issue. See generally *Tortola Restaurants, L.P. v. Kimberly-Clark Corp.*, 987 F. Supp. 1186, 1188 (N.D. Cal. 1997).

> II. **FEDERAL COURTS ARE UNDER AN OBLIGATION TO PROMPTLY DETERMINE JURISDICTIONAL ISSUES.**

Federal law requires that: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Federal courts recognize that: "a determination of jurisdiction should be made as soon as possible after the issue is raised or recognized by the Court." *Republic of Pan. v. American Tobacco Co.*, 1999 U.S. Dist. LEXIS 8135, *6 (E.D. La. May 26, 1999). In *Republic of Panama*, the Court continued: "A determination of whether this case is properly before a federal court should be made prior to the decision to transfer." *Id.*; see also *Aetna U.S. Healthcare, supra,* 54 F. Supp. 2d at 1048 ("For purposes of judicial economy, the jurisdictional issue should be resolved immediately. If federal jurisdiction does not exist, the case can be remanded before federal resources are further expended."); *Villarreal v. Chrysler Corp.*, 1996 U.S. Dist. LEXIS 3159 (N.D. Cal. Mar. 11, 1996) ("Judicial economy will best be served by addressing the remand issue because a determination on this issue will facilitate litigation in the appropriate forum."). In the present case, there is no quicker way to resolve the jurisdictional issue than making a determination regarding the simple issue presented in Plaintiff's remand motion.

Moreover, the Court "must possess jurisdiction" before it can rule on Defendants' motion to transfer. *See National Union Fire Ins. Co. v. Liberty Mut. Ins. Co.*, 878 F. Supp. 199, 203 (M.D. Ala. 1995). While the jurisdictional issue remains unresolved, this Court may not rule on Defendants' Motion for Transfer.

Defendants cite *Gould v. National Life Ins. Co.*, 990 F. Supp. 1354 (M.D. Ala. 1998), in asking the Court to transfer the motion first and allow the District of Colorado to evaluate the remand motion. (Transfer Memo at 12). However, the court in *Gould* recognized that "the decision whether to decide a remand or a transfer first should be made on the facts of the particular case." *Id.* at 1363. Plaintiff respectfully submits that the facts of this case, where Defendants removed this action *despite a statutory bar to removal* under Section 22(a) of the Securities Act, along with the distinct legal claims made in this action, mandate this Court to decide the jurisdictional issue before making any determination on Defendants' Motion to Transfer.

## CONCLUSION

The express wording of the Securities Act commands that this Action be remanded back to state court. Defendants' desire to whisk this matter to a court over 1000 miles away, wasting judicial resources and denying Plaintiff and this Court the opportunity to have the jurisdictional issue resolved quickly, and allow for a quick return to litigation, offends principles of comity, and violates the mandate of 28 U.S.C. § 1447(c). Plaintiff therefore respectfully requests that Defendants' Motion to Transfer be denied.

DATED: July 23, 2008

        JACK P. KATZ, individually and on behalf of all persons similarly situated,

        By: _/s/ Edward A. Wallace
        Kenneth A. Wexler
        Edward A. Wallace
        S. Melisa Twomey
        Wexler Toriseva Wallace LLP
        55 West Monroe Street, Suite 3300
        Chicago, IL  60603
        Telephone: (312) 346-2222

Lee Squitieri
Squitieri & Fearon, LLP
32 E. 57th Street, 2nd Floor
New York, NY 10022
Telephone: (212) 421-6792

*Attorneys for Plaintiff Jack P. Katz and the Proposed Class*

**CERTIFICATE OF SERVICE**

      I, Edward A. Wallace, hereby certify that a copy of the foregoing ***Plaintiff's Opposition to Certain Defendants' 28 U.S.C. § 1404(a) Motion to Transfer*** was electronically filed. Those attorneys who are registered with the Electronic Filing System may access these filings through the Court's System, and notice of these filings will be sent to these parties by operation of the Court's Electronic Filing System. Those attorneys who are not registered with the Electronic Filing System will be served by First Class United States Mail, with proper postage prepaid, on the 23rd day of July, 2008.

Date: July 23, 2008

/s/ Edward A. Wallace
Edward A. Wallace
Wexler Toriseva Wallace LLP
55 W. Monroe Street, Suite 3300
Chicago, IL 60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022
eaw@wtwlaw.com