**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

JACK P. KATZ, on behalf of himself and all    )
others similarly situated,    )
   )
                  Plaintiff,    )
   )  Case No. 08-CV-4035
        v.    )  Judge Darrah
   )
ERNEST A. GERARDI, JR., et al.,    )
   )
           Defendants.    )

**REPLY IN SUPPORT OF CERTAIN DEFENDANTS'
28 U.S.C. § 1404(a) MOTION TO TRANSFER**

Plaintiff's "opposition" to transfer is no opposition at all.  Rather, Plaintiff candidly admits—as he must—that this case should be transferred to the District of Colorado, where a nearly-identical action that his counsel filed on behalf of the *same* putative plaintiff class against the *same* defendants and based on the *same* facts as here has been pending for months.[1] (Plaintiff's Opposition To Certain Defendants' 28 U.S.C. § 1404(a) Motion To Transfer ("Opposition" or "Opp.") at 2 (admitting that "[i]f this case unquestionably belonged in federal court, Plaintiff would agree" that transfer "would serve justice, be convenient for the parties and prevent waste of time, energy and money").)  In so admitting, Plaintiff all but concedes that the Illinois forum was chosen solely for forum-shopping purposes.

Having conceded the merits of transfer to Colorado—and recognizing that the Colorado District Court is a proper forum for this action—Plaintiff is left merely to argue that this case should be remanded to Illinois state court before transfer to Colorado.  Plaintiff's position is baseless:  to consider Plaintiff's request to remand before deciding Certain Defendants' 28

---

[1] *See Stender, et al. v. Gerardi, et al.*, No. 07-CV-2503 (D. Colo. 2007), Stender Pacer Doc. No. 1, attached to Memorandum in Support ("Mem.") as Exhibit A (the "*Stender* Action").

U.S.C. § 1404(a) Motion To Transfer ("Transfer Motion") rewards Plaintiff's—and Plaintiff's counsel's—transparent procedural gambit of filing its federal securities law claims in Illinois state court rather than adding them to the pending Colorado action.  Accordingly, this Court can, and should, transfer this action to the Colorado District Court and allow that court to decide the remand issue.  *Huntsman Corp. v. Int'l Risk Ins. Co.*, No. 1:08-CV-029, 2008 WL 1836384, at *3 (E.D. Tex. April 22, 2008) (granting transfer motion before consideration of remand motion "particularly appropriate … where a related suit is already pending in the transferee district….").

## ARGUMENT

### I.    As A Matter of Law, This Case Should Be Transferred Before Remand Is Decided.

Contrary to Plaintiff's suggestion otherwise (Opp. at 4), there is no jurisdictional impediment to this Court transferring this case to the Colorado District Court and allowing that court to rule on remand.  Numerous federal courts have recognized that a district court need not decide a motion to remand a removed case before ruling on a motion to transfer the case to another district.  *See*, *e.g.*, *Gould v. Nat'l Life Ins. Co.*, 990 F. Supp. 1354, 1362-63 (M.D. Ala. 1998) (transferring action prior to consideration of remand motion and collecting cases from multiple jurisdictions finding that a court is not required to consider remand before transfer); *Schouman v. Schouman*, No. 96-11588-REK, 1996 WL 721195, at *5 (D. Mass. Dec. 10, 1996); *Stewart v. May Dep't Store Co.*, No. Civ. A. 02-02772, 2002 WL 31844906, at *2 (E.D. La. Dec. 11, 2002).

These rulings are consistent with cases rejecting the rigid approach to subject-matter jurisdiction determinations argued by Plaintiff.  (*See* Opp. at 4.)[2]  For example, in affirming

---

[2] Plaintiff cites a single case, *National Union Fire Ins. Co. v. Liberty Mutual Insurance Co.*, 878 F. Supp. 199, 203 (M.D. Ala. 1995), to support the claim that a court must decide remand before transfer.  (Opp. at 4.)  *National Union* does not so hold.  Rather, that court decided the remand issue first—without discussing why—and then, finding it did not have jurisdiction, determined it could not rule on other pending motions, including a motion to transfer. *National Union*, 878 F. Supp. at 203.  *National Union* cites no cases in support of its reasoning.  *See id.*

dismissal on sovereign immunity grounds prior to addressing the question of subject matter jurisdiction, the Court of Appeals for the District of Columbia Circuit noted that "an array of non-merits questions … may [be] decide[d] in any order." *Galvan v. Fed. Prison Indus., Inc.* 199 F.3d 461, 463 (D.C. Cir. 1999).  In *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574 (1999), the Supreme Court, in concluding that in removed cases district courts could properly resolve questions of personal jurisdiction before deciding whether subject matter jurisdiction exists, held that "in cases removed from state court to federal court, as in cases originating in federal court, there is no unyielding jurisdictional hierarchy."  *Id.* at 578, 586-87; *see also In re Minister Papandreou*, 139 F.3d 247, 255-56 (D.C. Cir. 1998) (finding court may dismiss on non-merits grounds such as *forum non conveniens* and lack of personal jurisdiction before ruling on subject matter jurisdiction).  In short, there is no legal impediment to transferring this action before deciding remand.

## II.    Efficiency And Fairness Support Allowing The Colorado District Court To Rule On The Remand Motion.

Plaintiff's argument that "judicial economy and efficiency are best served by a prompt determination concerning whether or not [this] case belongs in the federal judicial system at all" lacks credibility.  It was Plaintiff's counsel that created the obvious inefficiencies involved in this case by filing it in Illinois state court instead of adding the federal securities claims to his pending Colorado action, which involves the same putative plaintiff class, same defendants, same counsel and same factual circumstances.  Indeed, Plaintiff does not contest that:

- The *Stender* Action was brought on behalf of the *same putative class*, against the *same defendants,* based on the *same facts* and brought by *the same counsel*.  (Transfer Motion at 4-5.)

- Plaintiffs' counsel expressly told the Colorado district court that he was contemplating adding claims in the *Stender* Action based on federal securities laws.  (*Id.* at 3.)

- Colorado is the location of numerous defendants and witnesses, and is the situs of material events alleged in this action and in the *Stender* Action. (*Id.* at 9-10.)

Given the above uncontested facts, Plaintiff's arguments regarding the "judicial economy" of deciding remand before transfer ring hollow. To countenance Plaintiff's efficiencies argument is to reward Plaintiff's obvious forum shopping.

Further, contrary to Plaintiff's contentions, where, as here, there is a prior pending action regarding the same parties and the same subject matter, it is axiomatic that efficiencies and fairness favor allowing one court to resolve all issues related to the case, including whether an action can, or should, be remanded. This is so here because, among other things, the Colorado District Court is already familiar with the facts, parties and counsel. Indeed, courts find it "particularly appropriate" to transfer cases before determining remand where, as here, "a related suit is already pending in the transferee district...." *Huntsman Corp.*, 2008 WL 1836384, at *3; *see also Gould*, 990 F. Supp. at 1363 (transferring class action to transferee district with previously pending class action prior to deciding the plaintiff's motion to remand); *Barnes v. Resolution Trust Corp.*, No. 91-2900-LFO, 1992 WL 19113, at *1 (D.D.C. 1992) (granting motion to transfer prior to remand decision and stating: "plaintiff can challenge removal more easily and with far less expense in the transferee district."); *Schouman,* 1996 WL 721195 at *13 (transferring entire matter under Section 1404(a), including the pending motion to remand, where the transferee court was "familiar with the facts and issues in the case," and had "made previous orders involving the same property and parties."); *Stewart,* 2002 WL 31844906 at *2 (granting motion to transfer removed case without reaching plaintiff's motion to remand where allegations were the same in both the first filed and the second, removed case).[3]

---

[3] None of the cases regarding transfer cited in the Opposition are apposite here. (Opp. at 3-4.) All of Plaintiff's transfer cases involve actions where a remand motion was filed in one court and a transfer petition was filed in a different court with a pending MDL and the transferring party sought a stay of the remand. *See Aetna U.S.*

As in the above cases, deference to the Colorado District Court supports an immediate transfer.  The *Stender* Action remains pending and is well-advanced.  In February, the Colorado District Court specifically asked Plaintiff's counsel what claims could be added to the *Stender* Action.  The Court was told that Plaintiff's counsel might file federal securities laws claims.  Now that Plaintiff's counsel has brought these claims (albeit not where the Colorado District Court was told), the Colorado District Court should decide whether to remand those claims.[4]

---

*Healthcare, Inc. v. Hoechst Aktiengessellschaft*, 54 F. Supp. 2d 1042 (D. Kan. 1999) (addressing motion to stay consideration of remand motion pending resolution of transfer request filed in MDL); *Tortola Rest., L.P. v. Kimberly-Clark Corp.*, 987 F. Supp. 1186 (N.D. Cal. 1997) (same); *Republic of Panama v. Am. Tobacco Co.*, No. Civ. A. 98-3279, 1999 WL 350030 (E.D. La. May 28, 1999) (same); *Villarreal v. Chrysler Corp.*, No. C-95-4414, 1996 WL 116832 (N.D. Cal. Mar. 12, 1996) (same).  Here, both the transfer and removal motions are pending before the same court and issues of this court's relationship with an MDL are not implicated.  Moreover,  none of Plaintiff's cases present the obvious, admitted evidence of forum shopping shown here, where Plaintiff's counsel filed both of the suits in question and where both suits involve the identical class, defendants, subject matter and counsel.

[4] Plaintiff is also wrong when arguing that the "District of Colorado [does not] have jurisdiction over plaintiff's claims."  (Opp. at 3).  The District of Colorado unquestionably has jurisdiction over Plaintiff's Securities Act claims. *See* 15 U.S.C. § 77v.  Plaintiff's Securities Act claims should have been raised in the *Stender* Action in the first instance. And these claims will be pending in the *Stender* Action post-transfer.  Or, Plaintiff's counsel could withdraw the *Katz* Complaint and seek to amend the pleadings in the *Stender* Action.

## CONCLUSION

For the reasons set forth herein, and in Certain Defendants' 28 U.S.C. 1404(a) Motion to Transfer and Memorandum in Support, this Court should transfer this action to the District of Colorado.

Dated:  August 6, 2008                                        Respectfully submitted,


                                        By:     /s/ Melissa A. Economy
                                                *One of the attorneys for Defendants Archstone-Smith Operating Trust, Archstone-Smith Trust, Lehman Brothers Holdings Inc., and Tishman Speyer Development Corporation*

                                                Christopher Q. King (6189835)
                                                Steve Merouse (6243488)
                                                Jeffery S. Davis (6277345)
                                                Melissa A. Economy (6282802)
                                                SONNENSCHEIN NATH & ROSENTHAL LLP
                                                7800 Sears Tower
                                                Chicago, IL  60606
                                                Phone:  (312) 876-8000
                                                Fax:  (312) 876-7934

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 6, 2008, I electronically filed the preceding with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following and, in addition, served the following by email on August 6, 2008:

> Kenneth A. Wexler
> Edward A. Wallace
> Christopher J. Stuart
> Melisa Twomey
> Wexler Toriseva Wallace LLP
> 55 W. Monroe Street
> Suite 3300
> Chicago, IL  60603
>
> Lee Squitieri
> Squitieri & Fearon, LLP
> 32 E. 57th Street
> 2nd Floor
> New York, NY  10022


/s/ Melissa Economy

12460734