MHN

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACK P. KATZ, on behalf of himself<br>and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>ERNEST A. GERARDI, JR.; RUTH ANN<br>M. GILLIS; NED S. HOLMES; ROBERT<br>P. KOGOD; JAMES H. POLK III; JOHN C.<br>SCHWEITZER; R. SCOT SELLERS;<br>ROBERT H. SMITH; STEPHEN R.<br>DEMERITT; CHARLES MUELLER, JR.;<br>CAROLINE BROWER; MARK<br>SCHUMACHER; ALFRED G. NEELY;<br>ARCHSTONE-SMITH OPERATING<br>TRUST; ARCHSTONE-SMITH TRUST;<br>LEHMAN BROTHERS HOLDINGS, INC.;<br>and TISHMAN SPEYER DEVELOPMENT<br>CORPORATION,<br><br>    Defendants. | Case No. 08 cv 04035<br><br>Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

This putative class-action lawsuit was originally filed in the Circuit Court of Cook County, Illinois, on May 9, 2008, and was removed to this Court on July 16, 2008. Before the Court is the motion of Defendants to transfer venue to the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1404(a) [12] and Plaintiff's motion to remand to the Circuit Court of Cook County [18].[1]

---

[1] Certain Defendants (Archstone-Smith Operating Trust, Archstone-Smith Trust, and Tishman Speyer Development Corporation) filed a motion for leave to file a sur-reply in opposition to the motion to remand [39]. The motion for leave is granted, and the sur-reply has been considered.

1

For the reasons stated below, Plaintiff's motion to remand is granted. Defendants' motion to transfer is denied as moot.

## FACTS

Plaintiff, Jack P. Katz ("Katz" or "Plaintiff"), filed this putative class-action lawsuit in the Circuit Court of Cook County, Illinois. The complaint alleges that Katz and the other proposed class members are former holders of Class A-1 Units of the Archstone UPREIT, a real estate investment trust. Katz and the class members contributed certain properties to Defendant Archstone UPREIT, or to its predecessor, Charles E. Smith Residential Realty L.P. ("Smith UPREIT") in exchange for equity interests in the Archstone UPREIT or the Smith UPREIT in the form of common units (the "A-I Units"). The purpose of the A-1 Unitholders in making such contributions was to obtain tax advantages and other benefits. The A-1 Unitholders were parties to tax and other agreements – with or assumed by the Archstone UPREIT and the Archstone REIT ("the Archstone entities") – which entitled them to tax and other benefits.

In 2007, the Archstone entities participated in a merger transaction. The Archstone REIT entered into a merger agreement in which it was to be acquired by the Tishman-Lehman Partnership.

In connection with this merger, the A-1 Unitholders were given an election of receiving cash consideration for their A-1 Units or converting their A-1 Units to new securities designated as Series O Preferred Units. Katz elected to cash out his A-I Units.

Katz alleges in this lawsuit that the merger eliminated many of the tax, liquidity and other advantages previously associated with the A-1 Units. He alleges that the

2

Prospectus and Registration Statement issued pursuant to the merger agreement contained false and misleading information about the merger, which deprived the A-1 Unitholders of information necessary to make a reasonable and informed decision as to the election offered them for their A-1 Units. Katz alleges that the transactions "resulting in the A-1 unitholders exchanging their A-1 units for cash and/or new securities were solicited through false and misleading prospectuses and the securities were issued by way of a materially false and misleading registration statement." (Complt. ¶ 10.) The Complaint alleges three causes of action under the Securities Act of 1933 (the '33 Act). Count I alleges a violation of Section 11 of the '33 Act, 15 U.S.C. § 77k; Count II alleges a violation of Section 12(a)(2), 15 U.S.C. § 77l(a)(2); Count III alleges a violation of Section 15, 15 U.S.C. § 77o.

## LEGAL STANDARD

Civil actions filed in state court are removable to a federal district court only if a plaintiff could have originally brought the action in federal court. 28 U.S.C. § 1441(a); *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986). A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability. *Wirtz Corp. v. United Distillers & Vintners N. Am., Inc.*, 224 F.3d 708, 715 (7th Cir. 2000). However, a plaintiff seeking remand has the burden to prove that an express exception to removal exists. *See Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 698 (2003).

## ANALYSIS

Defendants maintain that removal jurisdiction is proper on the basis of the Class

Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(2). The CAFA amended the requirements for diversity jurisdiction by granting district courts original jurisdiction over class actions exceeding $5,000,000 in controversy where at least one plaintiff is diverse from at least one defendant.[2] The CAFA also provides that such class actions are removable to federal court. *See* 28 U.S.C. § 1453(b).

There is no dispute that this action is brought as a class action, and the CAFA's minimal diversity requirements are met. Katz contends removal of this action is not proper for two reasons: first, on the basis of an express exception to removal set forth in Section 22(a) of the '33 Act, 15 U.S.C. § 77v(a); and, second, because Defendants have not shown that the $5,000,000 amount-in-controversy requirement is met.

In the Seventh Circuit, defendants only have to establish "a reasonable probability" that the amount in controversy exceeds the jurisdictional minimum. *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006). Although the Complaint does not state a specific monetary figure for the damages sought, Plaintiff's action is brought on behalf of a nationwide class, including "hundreds, if not thousands of similarly situated A-1 holders" and seeks on their behalf compensatory, statutory, and rescissory damages, as well as attorney's fees. (Complt., ¶¶ 1, 11, 89, 104, 113.) The action seeks to recover, for the holders who elected to receive Series O Preferred Units,

---

[2] 28 U.S.C. § 1332(d)(2) provides, in part:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which –
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant.

4

rescission and rescissory damages "in the amount of the full value of the A-1 Units at the time of the merger" and, for the holders who elected to receive cash for their units, damages in the amount of the tax liability the A-1 holders incurred when they were required to cash out of the units. (Complt., ¶¶ 103, 113.) The Complaint states that the tax liabilities alone are "in the millions of dollars." (Complt., ¶ 75.) The allegations in the Complaint establish a reasonable probability that the amount in controversy exceeds $5,000,000.

This leaves Katz's argument that removal is precluded by Section 22(a) of the '33 Act. Section 22(a), codified at 15 U.S.C. § 77v(a), provides for concurrent jurisdiction in state and federal courts of actions alleging violations of the '33 Act. Section 22(a) also contains language expressly prohibiting removal of actions arising under the Act that are brought in state court. Section 22(a) provides:

> Except as provided in section 77p(c) of this title [providing for removal of certain class actions involving covered securities], **no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States.**

15 U.S.C. § 77v(a) (emphasis added).

There is no dispute that the A-1 Units are not "covered securities" or that section 77p(c)'s exception to the removal bar does not apply here. (*See* Pltf. Mot. to Rem., at 7, n. 3.) Katz contends that Section 22(a)'s express exception to removal applies because all of the claims alleged in the Complaint arise under the '33 Act. Defendants do not dispute that actions arising solely under the '33 Act fall within Section 22(a)'s removal bar. Defendants contend that even though Katz has cast his claims as arising under the '33 Act, in fact, Katz cannot assert claims under Sections 11 and 12(a)(2) of the Act

5

because he elected to receive *cash* for his A-1 Units, not new securities. Thus, Defendants argue, Katz neither "acquired" nor "purchased" a "security" as required to maintain claims under Sections 11 and 12(a)(2). *See* Def. Opp. at 8. Section 11 of the '33 Act provides: "[i]n case any part of the registration statement, when such part became effective, contained an untrue statement of a material fact or omitted to state a material fact required to be stated therein or necessary to make the statements therein not misleading, any person acquiring such security" may sue select categories of defendants. 15 U.S.C. §77k. Section 12(a)(2) provides that "[a]ny person who . . . offers or sells a security . . . by means of a [false or misleading] prospectus or oral communication . . . shall be liable . . . to the person purchasing such security from him." 15 U.S.C. § 77l(a)(2).

Defendants urge the Court to look beyond the allegations of the Complaint and deny removal because Katz does not have a viable claim under the '33 Act.[3] Therefore, Defendants contend, the case is not one that arises solely under the '33 Act and is not subject to Section 22(a)'s removal bar. Defendants rely on *Bennett v. Bally Manufacturing*, 785 F. Supp. 559 (D.S.C. 1992), in which the court denied a motion to remand an action alleging among other state-law claims, a violation of Section 12(2) of the '33 Act and where the court determined that the Section 12(2) claim was clearly unsupported by the law.

---

[3] Defendants contend Plaintiff has cast his claims as arising under the '33 Act in an effort to avoid removal and a possible transfer of this case to the District Court for the District of Colorado, where another class-action lawsuit asserting state-law claims by the same putative class of plaintiffs against the same defendants arising out of the same transaction is pending. (Def. Mem. at 5.)

Katz, in his reply, concedes that he must be a purchaser or acquirer of securities to maintain claims under the '33 Act. However, he argues, he is a purchaser or acquirer pursuant to the "fundamental change" doctrine. (Pltf. Rep. at 4-7). Under the fundamental change doctrine recognized by other circuits and some courts in this district, a plaintiff may be considered a purchaser or seller of a security where a corporate change "results in a fundamental change in the nature of a shareholder's investment, leaving the plaintiff with shares that represent a participation in a wholly new and different enterprise." *Isquith v. Caremark International, Inc.*, Case No. 94 CV 5534, 1997 WL 162881, at *4 (N.D. Ill. Mar. 26, 1997). Katz argues that the fundamental change doctrine applies to him because his A-1 shares were effectively changed by the merger into A-1 Units with inferior economic rights. (Pltf. Rep. at 3, 6.)

The Court does not necessarily find Katz's argument factually persuasive that he is a purchaser or acquirer of securities under the fundamental change doctrine. Nevertheless, the state court is the proper forum for the alleged claims to be determined. Unlike the complaint in *Bennett*, which alleged federal securities and state-law claims (such that claims existed to remand in the absence of the unsupported federal claim), Plaintiff's Complaint in this case purports to allege *only* claims arising under the '33 Act. Section 22(a) of the '33 Act expressly precludes removal of such actions and clearly indicates Congress's intent to have such actions heard in state court if they were initially filed there. *See Luther v. Countrywide Home Loans Servicing, LP*, No. 08-55865, 2008 U.S. App. LEXIS 15115, at *7-8 (*Luther*) ("by virtue of § 22(a) of the Securities Act of 1933, Luther's state court class action alleging only violations of the Securities

7

Act of 1933 was not removable."). *See also Nauheim v. Interpublic Group of Cos.*, 2003 U.S. Dist. LEXIS 6266, at * 17 (N.D. Ill. Apr. 15, 2003) (*Nauheim*) ("In this case, Plaintiff's Complain[t] is based entirely on federal securities law. Under the clear and unambiguous language of [Section 22(a)], such an action cannot be removed from state court."). Therefore, even if the Court agreed with Defendants that Katz's claims under the '33 Act lacked merit and that Katz alleged them to avoid removal under Section 22(a), a plaintiff is the master of his complaint. For whatever reason, Katz has chosen to allege only claims arising under the '33 Act. Such claims cannot be removed under Section 22(a). Accordingly, the action must be remanded to state court. *See Luther*, 2008 U.S. App. LEXIS 15115; *Nauheim*, 2003 U.S. Dist. LEXIS 6266.

Defendants also argue that removal is proper under the CAFA, which allows for the removal of "*any* civil action" satisfying its requirements. *See* 28 U.S.C. § 1332(d)(2). According to Defendants, the CAFA controls this high-dollar class-action case, not Section 22(a). However, the Ninth Circuit addressed and rejected this argument in *Luther*. The Ninth Circuit reasoned:

> CAFA's general grant of the right of removal of high-dollar, class actions does not trump § 22(a)'s specific bar to removal of cases arising under the Securities Act of 1933. It is a basic principle of statutory construction that a statute dealing with a narrow, precise, and specific subject is not submerged by a later enacted statute covering a more generalized spectrum. Here, the Securities Act of 1933 is the more specific statute; it applies to the narrow subject of securities cases and § 22(a) more precisely applies only to claims arising under the Securities Act of 1933. CAFA, on the other hand, applies to a 'generalized spectrum' of class actions.

*Luther*, 2008 U.S. App. LEXIS 15115, at *6-7. The reasoning of *Luther* is persuasive

and is adopted here. Section 22(a), the more specific statute governing securities actions, controls this situation, not the CAFA, which generally governs large class actions.

## CONCLUSION

Accordingly, for the reasons stated above, Plaintiff's motion to remand [18] is granted. There being no basis for removal jurisdiction, Defendants' motion to transfer [12] is denied as moot. The case is hereby remanded to state court pursuant to 28 U.S.C § 1447(c).[4]

Date: September 23, 2008

JOHN W. DARRAH
United States District Court Judge

---

[4] Plaintiff asks for an award of attorney's fees and costs incurred in litigating the motion to remand. The Court will not award fees and costs.